UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                   Case No. DG 11-06872

SILAS MEDIA CONSULTANTS, LLC,     Hon. Scott W. Dales

                                   Chapter 7

        Debtor.

_____/

JOHN A. PORTER,                     Adversary Pro. No. 12-80066

        Plaintiff,

v.

H. NASIF MAHMOUD,

        Defendant.

_____/

OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
                  United States Bankruptcy Judge

I. INTRODUCTION

Shortly before filing a voluntary petition for relief under chapter 11, Silas Media Consultants, LLC (the "Debtor") wired two payments, totaling $30,000.00, to its long-time counsel, H. Nasif Mahmoud. After the court converted the Debtor's case to chapter 7, John A. Porter was appointed as chapter 7 trustee (the "Trustee"), and eventually filed suit against Mr. Mahmoud to avoid the wire transfers (the "Transfers") under §§ 547 and 548, and recover the funds under § 550.

In accordance with the court's Pretrial Orders dated July 27, 2012 (DN 20) and April 18, 2013 (DN 51), the parties conducted, and concluded, discovery. The Trustee timely filed a

motion for summary judgment (the "Motion," DN 55), supported by a brief, an unsigned Professional Services Agreement ("Agreement"), and admissions included within excerpts from Mr. Mahmoud's discovery responses and other pleadings. The court extended the deadline for Mr. Mahmoud to oppose the Motion, and adjourned the hearing on the Motion at his request. The court heard oral argument from the Trustee and Mr. Mahmoud by telephone on September 6, 2013, and took the matter under advisement.

## II. JURISDICTION AND RELATED MATTERS

The court has jurisdiction over the Debtor's bankruptcy case under 28 U.S.C. § 1334(a), and the adversary proceeding has been referred under 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.). Both parties acknowledged in their pleadings that this matter is a statutory "core proceeding" and the court agrees. 28 U.S.C. § 157(b)(2)(F) & (H). In addition, both parties have consented to entry of a final order by this court. *See* Pretrial Order dated July 27, 2012 at p. 1; *cf. Roell v. Withrow*, 538 U.S. 580, 590 (2003) (parties may impliedly consent to final judgment by non-life tenured magistrate judge under 28 U.S.C. § 636); *see also Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)*, 702 F3d. 553 (9th Cir. 2012) (parties may consent to entry of final judgment by bankruptcy judge), *cert. granted*, 133 S. Ct. 2880 (2013); *but see Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012) (parties cannot consent to bankruptcy court's final judgment on pure state law claims).[1]

---

[1] Given the uncertainty about the extent of bankruptcy court authority after *Stern v. Marshall*, 131 S. Ct. 2594 (2011), in cases in which parties consent to final judgments by the bankruptcy court, some judges invite reviewing courts to treat the trial court's opinion and judgment as equivalent to proposed findings of fact and conclusions of law under Fed. R. Bankr. P. 9033, a possible solution to a thorny issue. *See, e.g., Wells v. Salmo (In re Select One, Inc.)*, Slip Op. Adv. No.12–05664–PJS, 2013 WL 4084103, 1 (Bankr. E.D. Mich. Aug. 13, 2013).

III. ANALYSIS

The Trustee filed his motion under Rule 56, which requires the court to consider whether or to what extent there are material factual disputes requiring trial, or whether the court may enter judgment in advance of trial, as a matter of law. Fed. R. Civ. P. 56.  The Trustee, as the party bearing the burden of proof, must meet his burden by pointing to portions of the record, including discovery materials and admissions (as he has done) to support his case, and otherwise showing that he is entitled to judgment.  Fed. R. Civ. P. 56(c).  In responding to a summary judgment motion, Mr. Mahmoud must similarly identify portions of the record, or at least show that the Trustee's materials "do not establish the absence . . . of a genuine dispute."  *Id*.  The court may not make credibility or other factual determinations, but instead must limit itself to identifying factual disputes and applying applicable law to determine whether judgment or some other order disposing of the case or a portion of the case is appropriate.

The Trustee challenges the Transfer as a preference to the extent of $10,000.00 that the parties agree Mr. Mahmoud applied against the Debtor's prepetition legal fee invoices, and as a constructively fraudulent transfer to the extent of $20,000.00 that he applied against invoiced fees due from non-Debtor affiliates identified in the papers.

1. Preference Under § 547

In response to the court's questions during oral argument, Mr. Mahmoud candidly admitted that the Debtor transferred $30,000.00 to him, within the 90 day period before the petition date, and that he applied $10,000.00 of that money to reduce the Debtor's debt for unpaid legal fees.  Given this debt, Mr. Mahmoud was a creditor.  He offered no affidavits or other evidence (only argument) to rebut the presumption of insolvency that the Trustee enjoys under § 547(f).  In his answer, he admitted that his receipt of the Transfer permitted him to

receive more than he would have received in chapter 7 distribution, had the Debtor not made the Transfer. *Compare* Complaint (DN 1) at ¶ 23 *with* Answer (DN 8) at ¶¶ 19-23. In short, the Trustee persuaded the court during oral argument that he has established all the elements of a preference.

Mr. Mahmoud's response hinged almost entirely on his position that the Transfer was made pursuant to the Agreement, and qualified as a "classic, true, or genuine retainer" under Illinois law, meaning that he earned the funds when he received them. He relies on the Agreement, which bears a signature from neither Mr. Mahmoud nor the Debtor, as somehow insulating him from preference exposure, even though he previously admitted that the retainer "was for legal work already done and some work to be done, but not necessarily a bankruptcy case." Motion at Exh. 2 (Objection to Trustee's Motion for Turnover at ¶ 9). In other admissions, he concedes that he applied the full amount of the Transfer to unpaid bills, including the $10,000.00 to reduce the Debtor's own antecedent debt.

The court is unwilling to find an issue of fact with respect to whether the Debtor transferred the $10,000.00 on account of an antecedent debt based on the unsigned Agreement[2] and unsworn statements from Mr. Mahmoud, contradicting his interrogatory responses indicating that he applied the full amount of the Transfer, and held none of the funds for future fees and costs. *See* Motion at Exh. 2 (excerpts from interrogatory responses at ¶¶ 3-5).

Other than the Illinois classic retainer argument, which the court rejects, Mr. Mahmoud offered no defense to the Trustee's preference claim. Consequently, the court finds that the

---

[2] The court also hesitates to permit Mr. Mahmoud to rely on the Agreement because, by contemplating retention of a lawyer not licensed in Michigan, the Agreement may offend Michigan's strong public policy against the unauthorized practice of law. *See* M.C.L. § 600.916; M.R.P.C. 5.5(c) (authorizing non-Michigan lawyers to perform limited, specified activities within Michigan). Mr. Mahmoud is not licensed to practice law in Michigan, and the court is not satisfied that the Agreement, even if signed, is enforceable. *See Evans & Luptak, PLC v. Lizza*, 650 N.W.2d 364 (Mich. App. 2002) (agreement that violates MRPC is not enforceable) (Griffin, J.).

Trustee is entitled to judgment on his preference count avoiding the Transfer to the extent of $10,000.00, and he is entitled to recovery from Mr. Mahmoud in that amount. 11 U.S.C. § 550(a) (court may enter money judgment for value of avoided transfer).

    2. <u>Fraudulent Transfer Under § 548</u>

The Trustee, again through Mr. Mahmoud's admissions, established a case for avoidance of the remaining $20,000.00 of the Transfer which unquestionably was applied to satisfy debts of the non-Debtor related entities. Again, Mr. Mahmoud concedes that the Debtor transferred $20,000.00 to him that he used to retire unpaid legal bills of entities related to the Debtor, and again he argues that Illinois law insulates the Transfer from avoidance and recovery.

Although a debtor may receive value when it satisfies its own debt, the same is not true when a debtor pays the debt of a third party. 11 U.S.C. § 548(d)(2) (defining value as including the satisfaction of a "debt of the debtor"). It is conceivable that in some instances a debtor may derive indirect benefits amounting to "value" under § 548(d), but Mr. Mahmoud offered neither evidence nor argument in this respect.

Mr. Mahmoud's Illinois classic retainer argument is similarly ineffective in response to the fraudulent transfer count, even if the court assumes (contrary to Mr. Mahmoud's admissions about his application of the funds) that the Debtor intended to make the Transfer to ensure Mr. Mahmoud's availability —the role of a "classic" retainer. *See generally In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 997-1001 (Bankr. N.D. Ill. 1990) (describing types of attorney retainers). Even assuming, *arguendo*, that the Debtor paid Mr. Mahmoud simply to ensure that he remained available, there is no evidence that, viewing the Transfer from the creditors' perspective, the Debtor received reasonably equivalent value in exchange. *See Stanley v. U.S. Bank Association et al. (In re TransTexas Gas Corp.)*, 597 F.3d 298, 306 (5th Cir. 2000) (to

measure reasonably equivalent value, it must be viewed from the standpoint of creditors and the debtor must have received value substantially comparable to the worth of the transferred property). The court concludes that the Debtor did not receive reasonably equivalent value in exchange for the $20,000.00 it transferred.

Moreover, Mr. Mahmoud admitted in his answer that the Debtor was insolvent at the time of the Transfer. *Compare* Complaint at ¶ 22 *with* Answer at ¶¶ 19-23. His argument during the hearing about the supposed California receivable and its impact on the Debtor's balance sheet was supported by neither documents nor affidavits. Even assuming the court would, after close of discovery, permit Mr. Mahmoud to resurrect an issue he removed from contention by admitting it in his answer,[3] evidence would nevertheless be required, either documentary or testimonial; eleventh hour argument on a factual question like insolvency does not meet a litigant's summary judgment burden.

The Trustee has established his case, primarily through admissions, that the Debtor transferred $20,000.00 to Mr. Mahmoud, receiving less than reasonably equivalent value at a time when it was insolvent. 11 U.S.C. § 548(a)(1)(B)(i) & (ii)(I). The transfer is avoidable.

Finding that avoidance is appropriate, recovery under § 550 is also indicated to restore the estate to where it would have been, had the avoided transfer not occurred.

## IV. CONCLUSION

After carefully considering the parties' pleadings and listening to oral argument, the court concludes that Mr. Mahmoud received a preference under § 547 from the Debtor in the amount of $10,000.00 and a fraudulent transfer as defined by § 548 in the amount of $20,000.00.

---

[3] Mr. Mahmoud has not moved to amend his answer.

The court also finds that the Trustee is entitled to recovery of these monies pursuant to 11 U.S.C. § 550. The court will direct the Clerk to enter a separate judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Trustee's Motion (DN 55) is GRANTED;

2. The Clerk shall enter a separate judgment consistent with this Opinion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon H. Nasif Mahmoud, Esq. and Scott H. Hogan, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 10, 2013**



Scott W. Dales
United States Bankruptcy Judge